### JAMES et al. v. CITY INVESTING CO. et al.

(Circuit Court, S. D. New York. May 4, 1911.)

1. EQUITY (§ 148*)—PLEADING—BILL—MULTIFARIOUSNESS.

A bill to set aside deeds by complainants on the grounds that they were obtained by fraud and are forgeries in whole or in part, and to set aside subsequent conveyances by the grantee as clouds on the title of complainant, is not multifarious.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 341–367; Dec. Dig. § 148.*]

2. CANCELLATION OF INSTRUMENTS (§ 37*)—PLEADING—DEMURRER—SPECIAL DEMURRER.

On special demurrer to a bill to set aside conveyances on the ground that they were obtained by fraud and are forgeries in whole or in part, the complainant will be required to make the bill more definite and certain by showing whether the fraudulent representations or forgery is relied on, and, if forgery, whether forgery of the instrument as a whole, or of the signature, or of what particular part of the body of the instrument.

[Ed. Note.—For other cases, see Cancellation of Instruments, Dec. Dig. § 37.*]

In Equity. Bill by Cornelia A. James and another against the City Investing Company and others. Heard on amended bill and special demurrer thereto. Demurrer sustained, with leave to amend the bill.

Atwater & Cruikshank, for complainant.

Philip S. Dean, for defendants City Investing Co. and others.

Blandy, Mooney & Shipman, for defendant Morgenthau & Morgenthau Co.

COXE, Circuit Judge. [1] The amended bill is filed to have a deed made by complainants to one Charles H. Dow and an alleged ratification thereof made, respectively, September 1, 1903, and October 30, 1903, declared null and void. The bill also prays that subsequent conveyances to the defendants be declared invalid as clouds upon the complainants' title. The deeds in question cover the property at the corner of Fifty-Sixth street and Broadway known as the "Rockingham" property and purport to cover the two-thirds interest of the complainants therein. These deeds have been put on record and the property has been conveyed several times since and is now claimed by the defendants, who succeeded to the title conveyed to said Dow. The complainants contend that the conveyances by them to Dow were obtained by fraud and are forgeries in whole or in part. It is not pretended that the defendants, other than Dow, had any knowledge of the fraud and it was stated on the argument that Dow had disappeared. The bill is not multifarious.

[2] The principal object of the special demurrer is to have paragraphs viii, x and xiii of the bill made more definite and certain. As the testimony in equity actions in the federal courts is usually taken out of court with frequent adjournments for the convenience of parties, it is altogether probable that the defendants will be informed fully as to the precise nature of the complainants' contention long before they will be required to produce their testimony. No great hardship would follow, therefore, if the defendants were to join issue on the bill in its present form. However, they are entitled to definite information as to the nature of the complainants' cause of action in order that they may meet it by their answers and proofs. It is said that the complainants are advanced in age and it may well be that their memories are defective as to the conversations and transactions with Dow and the inducements held out by him which resulted in the execution of the deeds. But, on the other hand, they are not, for this

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

reason, relieved of the obligation to present a more definite statement of the cause or causes of action than appears by the bill in its present form. The allegations are inconsistent, indefinite and contradictory. If the complainants' names were forged to the deeds a precise averment to that effect should be made. If the signatures are genuine and the contents of the deeds was altered or the description of the "Rockingham" property subsequently added, these facts should be stated. If, on the other hand, the complainants were induced to sign the deeds by the false representations of Dow as to their contents or the purposes for which they were to be used, the bill should state this cause of action with clearness and precision.

It is manifest that there are alleged at least three separate grounds for avoiding the deeds, each proceeding upon a distinct theory. I think it is not too much to require the complainants to determine upon what theory they intend to attack the deeds. If upon the ground that these instruments are forgeries, in toto, a simple allegation to that effect will, probably, make further averments unnecessary. If it be contended that parts of the instruments are genuine and other parts forged, the bill should point out what is genuine and what is spurious. If the theory of forgery be abandoned and the complainants decide to proceed upon the theory that the deeds were obtained by fraud, they should allege what the fraudulent representations were which induced them to sign the deeds and what artifices, pretenses and devices were practised upon them by Dow to produce this result. The defendants should also be informed whether Dow fraudulently concealed from the complainants the fact that the deeds contained a description of the "Rockingham" property or whether he fraudulently misrepresented the purpose of the instruments which he induced the complainants to sign.

I do not, of course, intend to intimate that the pleader should state his evidence, but he should make his cause of action so plain that the defendants can answer and prepare for trial intelligently.

It will not, I think, be necessary to set out in detail the amendments required, as the complainants' counsel will, no doubt, be able to make the bill definite and certain in the particulars mentioned, without specific directions.

The preliminary statement in the brief for the complainants makes clear the theory upon which they rely. Though some of the allegations are broad enough to justify the contention that the complainants intend to prove that the deeds, including the signatures and acknowledgments, are forgeries, I do not understand this to be the theory of their action. It seems to me sufficiently clear that they propose to show that Dow, who at the time had the entire confidence of the complainants, presented the instruments to them and induced them to sign by representing that they related to property other than the "Rockingham" property and that they signed them relying upon this information.

It is also their contention that if the deeds did contain such a description, it was concealed from the complainants and if it did not, then the description was fraudulently inserted afterwards by Dow. If

the foregoing be a correct statement of the cause of action, there should be no difficulty in making it definite and certain in the bill.

The demurrers are sustained with costs (consisting of a single docket fee of $20) and the necessary disbursements to which the defendants have been subjected by reason thereof. The complainants have leave on paying said $20 and disbursements to amend their bill within twenty days from the date of the order to be entered.